UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY A. CLARK,

        Plaintiff,

    v.

AMERICAN NATIONAL RED CROSS,
a corporation,

        Defendant.

Civil No. 04-765-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Defendant moves for summary judgment in this matter [16]. Previously, this court struck plaintiff's untimely submission of its only expert witness. In the wake of that ruling, plaintiff was granted leave to file an amended Response to defendant's Motion for Summary Judgment. The parties were also advised that defendant's summary judgment motion would be taken under advisement without oral argument after completion of the parties' final briefing. After consideration of that briefing and the entire record of this matter, this court concludes that defendant is entitled to summary judgment and that this action must be dismissed as a matter of law.

1 -- OPINION AND ORDER

BACKGROUND

Plaintiff alleges in this suit that an attendant at the Red Cross facility in Portland acted negligently when drawing a blood donation from plaintiff on May 6, 2002. Plaintiff alleges that the insertion of a large drawing needle into plaintiff's left arm caused immediate sharp pain and damaged plaintiff's "left lateral antebrachia cutaneous nerve" severely. Complaint at 2.

Defendant seeks summary judgment on grounds that plaintiff cannot prove that any alleged negligence caused plaintiff's injuries, and that the Red Cross did not breach the standard of care applicable to phlebotomy and venipuncture, and that there is no genuine issue of material fact regarding whether defendant negligently caused plaintiff's alleged injuries. Relatedly, defendant asserts that plaintiff acknowledged having read a Red Cross warning prior to his donation that advised him that blood donors can suffer nerve damage as a result of their donation, albeit rarely, and that plaintiff signed a form indicating his consent and acceptance of this and other risks.

STANDARDS

Summary judgment is appropriate if no genuine issue exists regarding any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citation omitted). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.* (citation omitted).

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all

reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.,* 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998) (citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000)(citation omitted). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

There is no dispute that under Oregon law a professional standard of care applies to health care entities such as the Red Cross. To prevail in a negligence claim, a plaintiff must prove the existence of a causal link between the defendant's conduct and the plaintiff's harm. *Oregon Steel Mills, Inc., v. Coopers & Lybrand, LLP*, 83 P. 3d 322, 327 Or. (2004). A plaintiff must prove by a preponderance of the evidence that a defendant's conduct was a substantial factor in causing the alleged harm. *Lyons v. Walsh & Sons Trucking Co.*, 51 P.3d 625, 629 (Or. App. 2002) (substantial factor test); *Roe Roofing, Inc., v. Lumber Products, Inc.*, 668 P.2d 425, 427 (Or. App. 1984) (preponderance of the evidence).

ANALYSIS

Defendant contends that plaintiff fails to establish the existence of a genuine issue of material fact regarding whether there is any relationship between plaintiff's alleged nerve injury and the conduct by the venipuncturist who drew plaintiff's blood at the Red Cross facility on May 6, 2002. This court agrees.

In his original briefing plaintiff includes documentation from two treating physicians and an independent examining physician indicating that plaintiff has suffered a neurological injury to his left arm. *See* Exhibit B to the Affidavit of Ronald H. Elzinga in Opposition to Defendant's Motion for Summary Judgment. Plaintiff's injury is undisputed, however. Instead, at issue is whether plaintiff can establish to a reasonable medical probability that plaintiff's injury occurred because defendant Red Cross breached the applicable standard of care it owed to plaintiff. More precisely, the question presented is whether plaintiff can raise a genuine issue of material fact sufficient to withstand summary judgment regarding causation without introducing expert testimony.

In his amended briefing plaintiff contends that expert testimony is unnecessary in this matter because given the relevant facts presented, a jury could find that the venipuncturist breached the applicable standard of care regardless of the absence of expert testimony. Crediting plaintiff's factual assertions as true and marshaling them in a light most favorable to plaintiff, these facts are that plaintiff had donated blood eight or nine times prior to May 6, 2002, with no difficulty; the "process" and procedures leading up to the needle's insertion into plaintiff's arm in May, 2002, appeared to plaintiff to be similar or identical to his previous donations; the venipuncturist rested the needle on his arm and paused before inserting it in a manner similar or identical to his prior donations, but "jabbed" the blood-draw needle into his arm in a manner that differed from his prior donations, Plaintiff's Dep. at 33:15-34:3; plaintiff experienced pain and tingling extending to his right wrist after this needle was inserted, but after expressing mild discomfort and being questioned, he advised the venipuncturist to continue with the blood draw, Plaintiff's Dep. at 37:10-38:14; plaintiff does not recall stating to the venipuncturist that she might have struck a nerve, but it "may have happened," Plaintiff's Dep. at 39:13-22; plaintiff made no further reports of pain to the venipuncturist or to

anyone else at the Red Cross facility; and the venipuncturist completed paperwork regarding plaintiff's donation that confirmed that there were no reported problems.

Plaintiff asserts that a jury presented with these facts but lacking the benefit of expert testimony could nevertheless conclude that the venipuncturist failed to meet the applicable standard of care owed to plaintiff during his blood donation on May 6, 2002. However, "as a general rule, a plaintiff in a medical malpractice case must offer expert testimony that, to a reasonable medical probability, the alleged breach of the standard of care caused the plaintiff's injuries." *Chouinard v. Health Ventures*, 39 P.3d 951, 953 (Or. App. 2002) (citations omitted). The Oregon Supreme Court has long recognized the settled rule that in instances of injuries that are "of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons," and that if the "issue turns upon some fact beyond the ken of lay[persons], expert testimony must be produced." *Uris v. State Comp. Dept.*, 427 P.2d 753, 755 (Or. 1967) (internal quotations and citations omitted); *see also Cleland v. Wilcox*, 543 P.2d 1032, 1034 (Or. 1975) (a jury should not be permitted to resolve causation questions arising from complicated injury allegations without expert medical testimony).

Plaintiff fails to establish what the reasonable professional practice for blood draws is in the Portland community, a question that falls outside the knowledge of a typical jury. Plaintiff also fails to raise any material issue of fact regarding in what manner the venipuncturist might have failed to comply with that standard.

Even if plaintiff's belated proffer of an expert declaration were properly before the court, defendant would nevertheless be entitled to summary judgment. The affidavit submitted by plaintiff's

5 -- OPINION AND ORDER

expert has been examined by this court, and its conclusions lack sufficient foundation. The expert based his opinions upon extrapolations he drew from his reading of plaintiff's deposition testimony that are unsupported by the plaintiff's version of the facts. The venipuncturist's testimony regarding her preparation and approach for needle insertions for a blood draw is uncontradicted, and the assumption by plaintiff's expert that the venipuncturist failed to stabilize plaintiff's vein by pulling back on his skin is unfounded. *See* Dep. of Lani Dy at 37:22-38:2; 55:7-10; Plaintiff's Deposition at 29:2-11; 11-12; 33:19-34:18.

CONCLUSION

For the reasons provided above, defendant's Motion for Summary Judgment [16] is granted.

IT IS SO ORDERED.

DATED this \_\_\_16\_\_ day of March, 2006.

\_\_\_/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge